J. Thomas Beckett (5587)
Erik A. Christiansen (7372)
Mark W. Dykes (5067)
Alissa Mellem (13299)
**Parsons Behle & Latimer**
201 S. Main St., Suite 1800
Salt Lake City, UT 84111
Telephone:  (801) 532-1234
Facsimile:  (801) 536-6111
Email: ecf@parsonsbehle.com

Robert D. Phillips, Jr. (pro hac vice)
Kathy J. Huang (pro hac vice)
**Reed Smith LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email:  rphillips@reedsmith.com
          khuang@reedsmith.com

Attorneys for Defendant
The Union Central Life Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **GIL A. MILLER**, in his capacity as the Trustee of the Randall Victims Private Actions Trust,<br><br>Plaintiff,<br><br>vs.<br><br>**UNION CENTRAL LIFE INSURANCE COMPANY,**<br><br>Defendant. | **DEFENDANT THE UNION CENTRAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Case No. 2:14-cv-00575-CW-PMW<br><br>Honorable Clark Waddoups |

1

Defendant The Union Central Life Insurance Company ("Union Central"), by and through its undersigned counsel of record, hereby specifically answers the Complaint of Plaintiff Gil A. Miller ("Miller") in the above-captioned matter and asserts defenses as follows.  To the extent that any headings and subheadings in the Complaint are deemed to contain allegations, Union Central generally denies those allegations.

## NATURE OF THE CASE

1.      Union Central admits that it is a life insurance company and that it "offers life insurance, disability insurance, and annuity products" to the public.  Union Central also admits that it sells these products through independent agents.  Union Central further responds that its website speaks for itself as to its contents.  Union Central denies the remaining allegations in paragraph 1 of the Complaint.

2.      Union Central admits that the Utah Division of Securities filed a Criminal Information against Dee Allen Randall on June 18, 2014 and that the Criminal Information speaks for itself as to its contents.  Union Central specifically denies that Randall's purported Ponzi scheme "operated under the auspices of a Union Central general agent."  Union Central is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 2 of the Complaint and, on that basis, denies the allegations.

3.      Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 3 of the Complaint and, on that basis, denies the allegations.

4.      Union Central denies the allegations contained in paragraph 4 of the Complaint.

5.      Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 5 of the Complaint pertaining to Randall's relationship with The Standard Life Insurance Company of New York and, on that basis, denies those allegations.  Union Central denies the remaining allegations contained in paragraph 5 of the Complaint.

6.      Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 6 of the Complaint pertaining to Randall's purported Ponzi scheme and, on that basis, denies the allegations.

7.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 7 of the Complaint pertaining to Randall's purported Ponzi scheme and, on that basis, denies the allegations.  Union Central specifically denies that Randall himself ever sold any Union Central life insurance policies to any of the so-called victims.  The remaining allegations in paragraph 7 are legal conclusions to which a response is neither appropriate nor required.

8.     Union Central admits that Horizon Financial and Insurance Group, Inc. ("HFI") was a general agency for Union Central in Utah and that, at some periods of time, it was a successful general agency.  Union Central specifically denies that the success of the agency was the result of any "illegal sales practice[s]."  Union Central denies the remaining allegations in paragraph 8 of the Complaint.

9.     Union Central denies the allegations contained in paragraph 9 of the Complaint.

10.     Union Central denies the allegations contained in paragraph 10 of the Complaint.

11.     The allegations in paragraph 11 are legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 11 of the Complaint.

12.     Union Central denies the allegations contained in paragraph 12 of the Complaint.  Union Central affirmatively alleges, on information and belief, that Randall consulted with competent legal counsel in the sale of promissory notes and that it was counsel's opinion that the sales were proper and that Randall was legally permitted to sell the notes.

13.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 13 of the Complaint pertaining to Randall's purported Ponzi scheme and, on that basis, denies the allegations.  Union Central denies the remaining allegations in paragraph 13 of the Complaint.  Union Central affirmatively alleges that few of the so-called victims of Randall's purported Ponzi scheme purchased Union Central life insurance policies and even fewer had policies that have lapsed.

14.     Union Central admits that Randall filed for bankruptcy in 2010.  Union Central further responds that the August 30, 2011 Bob Sumrall email speaks for itself as to its contents. Union Central denies the remaining allegations in paragraph 14 of the Complaint.

15.     The allegations in paragraph 15 are legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 15 of the Complaint.

16.     The allegations in paragraph 16 are legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Union Central admits the allegations contained in paragraph 17 of the Complaint.

18.     Union Central admits the allegations contained in paragraph 18 of the Complaint

19.     Union Central admits the allegations contained in paragraph 19 of the Complaint.

## PARTIES

**A.  Plaintiff**

20.     Paragraph 20 does not set forth an allegation asserted against Union Central and therefore, no response is required.  To the extent a response is required, Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 20 of the Complaint and, on that basis, denies the allegations.

21.     Union Central admits that on October 28, 2013, the Bankruptcy Court entered an *Order Confirming the Chapter 11 Trustee's Liquidating Plan of Reorganization Dated September 9, 2013* and that the Order speaks for itself as to its contents.  Union Central denies the remaining allegations in paragraph 21 of the Complaint.

22.     Union Central responds that the *Order Confirming the Chapter 11 Trustee's Liquidating Plan of Reorganization Dated September 9, 2013* speaks for itself as to its contents.

**B.  Defendants**

23.     Union Central admits the allegations contained in paragraph 23 of the Complaint.

4

24.     Union Central admits that in January 2006, the parent holding company of Union Central merged with the Ameritas Acacia Mutual Holding Company and that the name of the holding company was changed to UNIFI Mutual Holding Company.  Union Central denies the remaining allegations in paragraph 26 of the Complaint.

25.     Ameritas Life Insurance Corp. is no longer a defendant in this action.

26.     Ameritas Life Insurance Corp. of New York is no longer a defendant in this action.

27.     Acacia Life Insurance Company is no longer a defendant in this action.

**C.  Relevant Third Parties**

28.     **Dee Allen Randall:**  Union Central specifically denies that Randall was a "general agent" of Union Central.  Union Central is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 28 of the Complaint and, on that basis, denies the allegations.

29.     Paragraph 29 does not set forth an allegation asserted against Union Central and therefore, no response is required.  To the extent a response is required, Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 29 of the Complaint and, on that basis, denies the allegations.  Union Central specifically denies that HFI had any involvement whatsoever in Randall's purported Ponzi scheme.

30.     **Horizon Financial and Insurance Group, Inc.** ("HFI"):  Union Central admits that HFI was a general agency for Union Central in Utah from 2000 to 2011.  Union Central is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 30 of the Complaint and, on that basis, denies the allegations.  Union Central specifically denies that Randall was a "general agent" of Union Central.

31.     **Horizon Mortgage & Investment, Inc.** (a/k/a Independent Financial & Investment, "HMI"):  Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 31 of the Complaint and, on that basis, denies the allegations.

5

32.   **Horizon Auto Funding, LLC.** ("Horizon Auto"):  Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 32 of the Complaint and, on that basis, denies the allegations.

33.   Paragraph 33 does not set forth an allegation asserted against Union Central and therefore, no response is required.  To the extent a response is required, Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 33 of the Complaint and, on that basis, denies the allegations.

## FACTUAL BACKGROUND

34.   Union Central admits that it is a life insurance company and that it provides various insurance products and services which are sold through independent agents.  Union Central admits that HFI was a general agency for Union Central in Utah from 2000 to 2011.  Union Central denies the remaining allegations contained in paragraph 34 of the Complaint.

35.   Union Central admits that a general agency for Union Central often has producers who sell Union Central products to potential clients.  Union Central further admits that its producers enter into individual contracts with Union Central.  Union Central denies the remaining allegations contained in paragraph 35 of the Complaint.

36.   Union Central admits that its producers are compensated on a commission basis and that a general agency may receive a percentage of the commission amount on the policies sold by its agents affiliated with the general agency.  Union Central denies the remaining allegations contained in paragraph 36 of the Complaint.  Union Central specifically denies that there is a net financial benefit to Union Central of selling policies with the "highest premiums."

37.   Union Central admits that its policies regarding the sales and marketing practices of its independent agents are set forth in its Market Conduct Guides.  Union Central also admits that Randall was an independent agent for Union Central from February 28, 2000 through November 26, 2002.  Union Central further admits that the duties and obligations of its general agencies are set forth in its General Agent Contracts.  Union Central denies the remaining allegations contained in paragraph 37 of the Complaint.  Union Central specifically denies that

Randall was a Union Central agent.  Union Central affirmatively alleges that it has no control over, or ability to control, the activities of its producers or general agencies with regard to activities other than those involving the sale of traditional life insurance and annuity contracts.

38.     Union Central responds that Randall is not a party to the General Agent Contract between Union Central and HFI and that the General Agent Contract speaks for itself as to its contents.  Union Central denies the remaining allegations contained in paragraph 38 of the Complaint.

39.     Union Central responds that Randall is not a party to the General Agent Contract between Union Central and HFI and that the General Agent Contract speaks for itself as to its contents.  Union Central denies the remaining allegations contained in paragraph 39 of the Complaint.

40.     Union Central responds that producers enter into individual contracts with Union Central.  Union Central denies the remaining allegations contained in paragraph 40 of the Complaint.

41.     Union Central responds that Randall is not a party to the General Agent Contract between Union Central and HFI and that the General Agent Contract speaks for itself as to its contents.  Union Central denies the remaining allegations contained in paragraph 41 of the Complaint.

42.     Union Central specifically denies that it "aggressively promotes itself to the public" and generally denies the remaining allegations contained in paragraph 42 of the Complaint.  Union Central specifically alleges that Union Central does not hold itself out to the public as a seller of promissory notes or similar investments.

43.     Union Central responds that its website speaks for itself as to its contents.  Union Central is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 43 of the Complaint and, on that basis, denies the allegations.  Union Central specifically denies it is a member of CEFLI.

44.     Union Central responds that its website speaks for itself as to its contents.  Union Central denies the remaining allegations contained in paragraph 44 of the Complaint.

45.     Union Central responds that its website and marketing materials speak for themselves as to their contents.  Union Central denies the remaining allegations contained in paragraph 45 of the Complaint.

46.     Union Central responds that its website and marketing materials speak for themselves as to their contents.  Union Central denies the remaining allegations contained in paragraph 46 of the Complaint.

47.     Union Central denies the allegations contained in paragraph 47 of the Complaint. Union Central specifically denies that Randall was a general agent of Union Central.

48.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 48 of the Complaint and, on that basis, denies the allegations.

49.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 49 of the Complaint and, on that basis, denies the allegations.

50.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 50 of the Complaint pertaining to Randall and, on that basis, denies the allegations. Paragraph 50 also contains legal conclusions to which a response is neither appropriate nor required.

51.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 51 of the Complaint and, on that basis, denies the allegations.

52.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 52 of the Complaint and, on that basis, denies the allegations.

53.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 53 of the Complaint and, on that basis, denies the allegations.

54.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 54 of the Complaint and, on that basis, denies the allegations.

55.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 55 of the Complaint and, on that basis, denies the allegations.

56.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 56 of the Complaint and, on that basis, denies the allegations.

57.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 57 of the Complaint and, on that basis, denies the allegations.

58.     Union Central admits that in 2000, HFI submitted an application to Union Central to be appointed as a Union Central general agency and that an interview was part of the application process.  Union Central denies the remaining allegations contained in paragraph 58 of the Complaint.  Union Central specifically alleges that The Standard Life Insurance Company of New York was exiting the life insurance agency business in 2000 and that as a result, HFI and, at least, three other Standard agencies became affiliated with Union Central.

59.     Union Central denies the allegations contained in paragraph 59 of the Complaint.

60.     Union Central denies the allegations contained in paragraph 60 of the Complaint.

61.     Union Central denies the allegations contained in paragraph 61 of the Complaint.

62.     Union Central denies the allegations contained in paragraph 62 of the Complaint. Union Central specifically alleges that Standard never publicly reported or disclosed any negative information about Randall or HFI that would have been available in 2000.

63.     Union Central admits that it conducted a background check on Randall as part of the appointment process.  Union Central denies the remaining allegations contained in paragraph 63 of the Complaint.

64.     Union Central denies the allegations contained in paragraph 64 of the Complaint. Paragraph 64 also contains legal conclusions to which a response is neither appropriate nor required.

65.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 65 of the Complaint and, on that basis, denies the allegations.

66.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 66 of the Complaint and, on that basis, denies the allegations.

67.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 67 of the Complaint and, on that basis, denies the allegations.

68.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 68 of the Complaint and, on that basis, denies the allegations.

69.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 69 of the Complaint and, on that basis, denies the allegations.

70.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 70 of the Complaint pertaining to Randall and, on that basis, denies the allegations. Paragraph 70 also contains legal conclusions to which a response is neither appropriate nor required.

71.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 71 of the Complaint and, on that basis, denies the allegations.

72.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 72 of the Complaint and, on that basis, denies the allegations.

73.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 73 of the Complaint and, on that basis, denies the allegations.

74.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 74 of the Complaint and, on that basis, denies the allegations.

75.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 75 of the Complaint and, on that basis, denies the allegations.

76.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 76 of the Complaint and, on that basis, denies the allegations.

77.     Union Central denies the allegations contained in paragraph 77 of the Complaint.

78.     Union Central denies the allegations contained in paragraph 78 of the Complaint.

79.     Union Central denies the allegations contained in paragraph 79 of the Complaint.

80.     Union Central denies the allegations contained in paragraph 80 of the Complaint.

81.     Union Central denies the allegations contained in paragraph 81 of the Complaint.

82.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 82 of the Complaint and, on that basis, denies the allegations.

83.     Union Central denies the allegations contained in paragraph 83 of the Complaint.

84.     Union Central denies the allegations contained in paragraph 84 of the Complaint.

85.     Union Central denies the allegations contained in paragraph 85 of the Complaint.

86.     Union Central denies the allegations contained in paragraph 86 of the Complaint.

87.     Union Central denies the allegations contained in paragraph 87 of the Complaint

88.     Union Central denies the allegations contained in paragraph 88 of the Complaint.

89.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 89 of the Complaint and, on that basis, denies the allegations.

90.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 90 of the Complaint and, on that basis, denies the allegations.

91.     Union Central denies the allegations contained in paragraph 91 of the Complaint.

92.     Union Central denies the allegations contained in paragraph 92 of the Complaint.

93.     Union Central denies the allegations contained in paragraph 93 of the Complaint.

94.     Union Central denies the allegations contained in paragraph 94 of the Complaint

95.     Paragraph 95 contains legal conclusions to which a response is neither appropriate nor required.  Union Central denies the remaining allegations contained in paragraph 95 of the Complaint.

96.     Union Central responds that the Robert M. Ball letter speaks for itself as to its contents.  Union Central denies the allegations contained in paragraph 96 of the Complaint.

97.     Union Central admits that HFI was a "top-twenty producing agency several years in a row" but denies the remaining allegations contained in paragraph 97 of the Complaint.

11

98.     Union Central admits that HFI was a "top-twenty producing agency several years in a row" and that it received a Crystal Trophy in 2005.  Union Central denies the remaining allegations contained in paragraph 98 of the Complaint.

99.     Union Central admits that HFI was a "top-twenty producing agency several years in a row" but denies the remaining allegations contained in paragraph 99 of the Complaint.

100.     Union Central denies the allegations contained in paragraph 100 of the Complaint. Paragraph 100 also contains legal conclusions to which a response is neither appropriate nor required.

101.     Union Central denies the allegations contained in paragraph 101 of the Complaint.

102.     Union Central denies the allegations contained in paragraph 102 of the Complaint.

103.     Union Central admits that it hosts sales conferences for its top producers at locations around the world.  Union Central denies the remaining allegations contained in paragraph 103 of the Complaint.

104.     Union Central denies the allegations contained in paragraph 104 of the Complaint.

105.     Union Central denies the allegations contained in paragraph 105 of the Complaint.

106.     Union Central denies the allegations contained in paragraph 106 of the Complaint.

107.     Union Central denies the allegations contained in paragraph 107 of the Complaint. Paragraph 107 also contains legal conclusions to which a response is neither appropriate nor required.

108.     Union Central denies the allegations contained in paragraph 108 of the Complaint. Paragraph 108 also contains legal conclusions to which a response is neither appropriate nor required.

109.     The allegations contained in paragraph 109 of the Complaint are legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies those allegations.

110.     Union Central admits that its policies regarding the sales and marketing practices of its independent agents are set forth in its Market Conduct Guides.  Union Central responds that the Market Conduct Guides speak for themselves as to their content.

111.     Union Central admits that Randall's Utah insurance license lapsed in 2002 and denies the remaining allegations contained in paragraph 111 of the Complaint.

112.     Union Central denies the allegations contained in paragraph 112 of the Complaint.

113.     Union Central denies the allegations contained in paragraph 113 of the Complaint. Union Central affirmatively alleges that Ms. Morris never even alleged purchasing promissory notes from any company controlled by Randall.

114.     Union Central denies the allegations contained in paragraph 114 of the Complaint.

115.     Union Central denies the allegations contained in paragraph 115 of the Complaint.

116.     Union Central denies the allegations contained in paragraph 116 of the Complaint.

117.     Union Central responds that marketing materials for HFI speak for themselves as to their contents.

118.     Union Central responds that marketing materials for HFI speak for themselves as to their content.  Union Central is without knowledge or information sufficient to respond to the remaining allegations contained in paragraph 118 of the Complaint and, on that basis, denies the allegations.

119.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 119 of the Complaint and, on that basis, denies the allegations.

120.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 120 of the Complaint and, on that basis, denies the allegations.

121.     Union Central responds that marketing materials for HFI speak for themselves as to their content.  Union Central is without knowledge or information sufficient to respond to the

remaining allegations contained in paragraph 121 of the Complaint and, on that basis, denies the allegations.

122.    Union Central denies the allegations contained in paragraph 122 of the Complaint.

123.    Union Central responds that the Market Conduct Guides speak for themselves as to their content.  Union Central denies the remaining allegations contained in paragraph 123 of the Complaint.

124.    Union Central responds that the Market Conduct Guides speak for themselves as to their content.  Union Central denies the remaining allegations contained in paragraph 124 of the Complaint.

125.    Union Central denies the allegations contained in paragraph 125 of the Complaint.

126.    Union Central denies the allegations contained in paragraph 126 of the Complaint.

127.     Union Central denies the allegations contained in paragraph 127 of the Complaint.

128.    Union Central responds that the August 30, 2011 Bob Sumrall email speaks for itself as to its contents.  Union Central denies the remaining allegations contained in paragraph 128 of the Complaint.

129.    Union Central responds that the August 30, 2011 Bob Sumrall email speaks for itself as to its contents.  Union Central denies the remaining allegations contained in paragraph 129 of the Complaint.

130.    Union Central admits that Insight Planning and Insurance Agency, LLC was appointed as a general agency in 2012.  Union Central denies the remaining allegations contained in paragraph 130 of the Complaint.

131.    Union Central admits that Insight Planning and Insurance Agency, LLC is currently one of its general agencies in Utah.  Union Central denies the remaining allegations contained in paragraph 131 of the Complaint.  Paragraph 131 also contains legal conclusions to which a response is neither appropriate nor required.

14

132.    Union Central denies the allegations contained in paragraph 132 of the Complaint. Paragraph 132 also contains legal conclusions to which a response is neither appropriate nor required.

133.    Union Central denies the allegations contained in paragraph 133 of the Complaint.

## ALLEGATIONS RELEVANT TO STATUTES OF LIMITATIONS

134.    Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 134 of the Complaint and, on that basis, denies the allegations.

135.    Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 135 of the Complaint and, on that basis, denies the allegations.

136.    Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 136 of the Complaint and, on that basis, denies the allegations.

137.    Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 137 of the Complaint and, on that basis, denies the allegations.

138.    Union Central denies the allegations contained in paragraph 138 of the Complaint.

139.    Union Central denies the allegations contained in paragraph 139 of the Complaint.

140.    Union Central denies the allegations contained in paragraph 140 of the Complaint.

141.    Union Central denies the allegations contained in paragraph 141 of the Complaint.

142.    Union Central admits the allegations contained in paragraph 142 of the Complaint.

///

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Negligent Hiring

143.    Union Central incorporates by reference its responses to paragraphs 1 through 142 of the Complaint as if fully set forth herein.

144.    Union Central admits that it appointed HFI as a Union Central general agency through a General Agent Contract on or around February 28, 2000 and denies the remaining allegations contained in paragraph 144 of the Complaint.

145.    Paragraph 145 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 145 of the Complaint.

146.    Paragraph 146 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 146 of the Complaint.

147.    Union Central denies the allegations contained in paragraph 147 of the Complaint. Paragraph 147 also contains legal conclusions to which a response is neither appropriate nor required.

148.    Paragraph 148 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 148 of the Complaint.

149.    Union Central denies the allegations contained in paragraph 149 of the Complaint. Paragraph 149 also contains legal conclusions to which a response is neither appropriate nor required.

150.    Paragraph 150 contains legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 150 of the Complaint.

151.     Paragraph 151 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 151 of the Complaint.

## SECOND CAUSE OF ACTION

### Negligent Supervision

152.     Union Central incorporates by reference its responses to paragraphs 1 through 151 of the Complaint as if fully set forth herein.

153.     Union Central admits that it appointed HFI as a Union Central general agency through a General Agent Contract on or around February 28, 2000 and denies the remaining allegations contained in paragraph 153 of the Complaint.

154.     Paragraph 154 contains legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 154 of the Complaint.

155.     Union Central denies the allegations contained in paragraph 155 of the Complaint. Paragraph 155 also contains legal conclusions to which a response is neither appropriate nor required.

156.     Paragraph 156 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 156 of the Complaint.

157.     Union Central denies the allegations contained in paragraph 157 of the Complaint. Paragraph 157 also contains legal conclusions to which a response is neither appropriate nor required.

158.     Union Central denies the allegations contained in paragraph 158 of the Complaint.

159.     Paragraph 159 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 159 of the Complaint.

160.    Paragraph 160 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 160 of the Complaint.

### THIRD CAUSE OF ACTION

### Negligent Retention

161.    Union Central incorporates by reference its responses to paragraphs 1 through 160 of the Complaint as if fully set forth herein.

162.    Union Central admits that it appointed HFI as a Union Central general agency through a General Agent Contract on or around February 28, 2000 and denies the remaining allegations contained in paragraph 162 of the Complaint.

163.    Paragraph 163 contains legal conclusions and argument to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 163 of the Complaint.

164.    Union Central denies the allegations contained in paragraph 164 of the Complaint. Paragraph 164 also contains legal conclusions to which a response is neither appropriate nor required.

165.    Paragraph 165 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 165 of the Complaint.

166.    Union Central denies the allegations contained in paragraph 166 of the Complaint. Paragraph 166 also contains legal conclusions to which a response is neither appropriate nor required.

167.    Paragraph 167 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 167 of the Complaint.

168.     Paragraph 168 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 168 of the Complaint.

## FOURTH CAUSE OF ACTION

### Securities Fraud – Control Person Liability

### (Sections 61-1-1 and 61-1-22 of the Utah Uniform Securities Act)

169.     Union Central incorporates by reference its responses to paragraphs 1 through 168 of the Complaint as if fully set forth herein.

170.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 170 of the Complaint and, on that basis, denies the allegations.

171.     Paragraph 171 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 171 of the Complaint.

172.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 172 of the Complaint and, on that basis, denies the allegations.  Paragraph 172 also contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies those allegations.

173.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 173 of the Complaint and, on that basis, denies the allegations.  Paragraph 173 also contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies those allegations.

174.     Union Central is without knowledge or information sufficient to respond to the allegations contained in paragraph 174 of the Complaint and, on that basis, denies the allegations.

175.     Paragraph 175 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 175 of the Complaint.

176.     Paragraph 176 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 176 of the Complaint.

177.     Paragraph 177 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 177 of the Complaint.

178.     Paragraph 178 contains legal conclusions to which a response is neither appropriate nor required.  To the extent a response is required, Union Central denies the allegations contained in paragraph 178 of the Complaint.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

179.     No response is required to Paragraphs 179-185 because the Court has dismissed this cause of action.

180.     Union Central denies all the allegations in the Complaint, including those contained in headings and subheadings, which it has not expressly admitted herein.

### PRAYER FOR RELIEF

Union Central denies that Miller is entitled to the relief requested or to any relief at all.

*///*

## AFFIRMATIVE DEFENSES

Union Central asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.    The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (No Damages)

2.    Miller's claims are barred, in whole or in part, because the Union Central insurance policies purchased by members of the Victims PAT have performed as promised, and they have sustained no injury in fact or damages caused by any act of Union Central.

### THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

3.    Miller's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

### (Control Person Liability - Lack of Knowledge)

4.    Union Central did not know and, in the exercise of reasonable care, could not have known about the existence of the unlawful acts alleged in the Complaint to have been committed by Randall and his producers.

### FIFTH AFFIRMATIVE DEFENSE

### (Control Person Liability - Purchaser Knowledge)

5.    Miller's claim is barred because some or all of the members of the Victims PAT knew about the untruths or omissions alleged in the Complaint to have been made by Randall and his producers.

///

21

## SIXTH AFFIRMATIVE DEFENSE

### (Negligence or Conduct of Others)

6.    If members of the Victims PAT suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Union Central.

## SEVENTH AFFIRMATIVE DEFENSE

### (Fault of Members of the Victims PAT)

7.    If members of the Victims PAT suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of members of the Victims PAT, and not by Union Central.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

8.    The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Union Central.

## NINTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

9.    Miller's claims are barred, in whole or in part, by the principles of assumption of risk because members of the Victims PAT knew about the risks and voluntarily undertook the risks that led to the injuries alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Vicarious Liability)

10.    The Complaint fails to state facts sufficient to constitute a cause of action against Union Central because it is not vicariously liable for any alleged wrongful acts committed by Randall and his producers, which were not committed within the course and scope of their limited agency role as to Union Central.  Union Central's General Agent Contract explicitly

prescribes limitations on the scope of the agency and states: "You agree . . . to solicit applications for our policies. . . We are not your employer, nor are you our employee.  You are an independent contractor using your own judgment in performing your duties.  You are not authorized to . . . act on our behalf in any manner other than as stated in this Agreement."

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Control)

11.     The Complaint fails to state facts sufficient to constitute a cause of action against Union Central because Union Central did not routinely control or direct the manner in which Randall or any of his producers performed their work.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Duty)

12.     Union Central owed no duty of care to the members of the Victims PAT to control the alleged conduct of Randall and his producers to the extent they acted outside the scope of their limited agency role as to Union Central.  No special relationship exists between Union Central and the members of the Victims PAT that would give rise to a duty of care.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Foreseeable Risk)

13.     Union Central did not know and, in the exercise of reasonable care, could not have known that Randall and his producers posed a foreseeable risk of harm to the members of the Victims PAT.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

14.     The Complaint fails to show that any alleged acts or omissions of Union Central caused the injuries or damages claimed by Miller and the members of the Victims PAT.

///

23

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

15.     Some or all of the members of the Victims PAT are barred from relief for their claims because they have failed to take reasonable and necessary steps to mitigate their alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

16.     Miller's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

17.     Miller's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

18.      Some or all of the members of the Victims PAT, by their words, conduct and agreements, have waived the claims set forth in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent, Ratification or Acquiescence)

19.     Some or all of the members of the Victims PAT consented to, approved, ratified or acquiesced to the acts and omissions about which Miller now complains, and, therefore, they are barred from pursuing this action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Excuse/Justification)

20.     The acts and omissions of Union Central, if any, were excused and/or justified by the information and facts available to Union Central at the time such acts and omissions, if any, occurred.

///

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith)

21.     Union Central acted in good faith and has reasonable grounds for believing that its conduct did not violate any law and, in fact, Union Central's conduct did not violate any law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Compliance with Law)

22.     Union Central's conduct and activities were in compliance with applicable Federal and State law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

23.     Miller lacks standing to bring the causes of action asserted in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Misjoinder of Claims)

24.     Some or all of the members of the Victims PAT's claims have been improperly joined in this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Name Indispensable Parties)

25.     Miller's claims are barred, in whole or in part, because his failure to join necessary and indispensable parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Prosecute Case in the Name of the Real Parties In Interest)

26.     Miller's claims are barred, in whole or in part, by his failure to prosecute the action in the name of the real parties in interest.

///

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Contribution)

27.     Any harm alleged can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

28.     The Complaint and each cause of action therein are barred, in whole or in part, by the doctrine of unjust enrichment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud With Particularity)

29.     Miller has failed to plead allegations of fraud or deception with the specificity or detail required.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

30.     The Complaint fails to state facts sufficient to recover punitive or exemplary damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Other Defenses)

31.     Union Central specifically gives notice that it intends to rely upon such other defenses as may become available by law or pursuant to statute or may be revealed by discovery proceedings in this case and hereby reserves the right to amend the Answer to assert such defenses.

///

## REQUEST FOR RELIEF

WHEREFORE, Union Central prays for judgment as follows:

1.      The Complaint be dismissed with prejudice;

2.      The Court enters judgment for Union Central as to any and all matters;

2.      Union Central be awarded its attorneys' fees and costs according to proof; and

4.      For such other and further relief as this Court may deem just and proper.

DATED:  July 9, 2015

                                          PARSONS BEHLE & LATIMER
                                          REED SMITH LLP

                                          /s/ *J. Thomas Beckett*

                                          Attorneys for Defendant,
                                          The Union Central Life Insurance Company