IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **GIL A. MILLER, in his capacity as the Trustee of the Randall Victims Private Actions Trust,**<br><br>    Plaintiff,<br>v.<br><br>**UNION CENTRAL LIFE INSURANCE COMPANY,**<br><br>    Defendant. | **MEMORANDUM DECISION**<br><br>Case No. 2:14-cv-00575-JNP-PMW<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is defendant The Union Central Life Insurance Company's ("Defendant") motion to compel responses or further responses to Defendant's first set of interrogatories and for sanctions.[2]

Plaintiff Gil Miller ("Plaintiff") brought claims against Defendant in his capacity as trustee of the Randall Victims Private Actions Trust (the "RVPAT"). Defendant is an insurance company. Plaintiff alleges that he is "pursuing the assigned claims of approximately 430 individual victims . . . of Dee Randall's Ponzi scheme,"[3] and that Defendant became a "facilitator" of that scheme by "making [Dee Randall] a general agent, publicly supporting him, permitting him to use its name and tout his association with a national insurance company, and

---

[1] Docket nos. 22 & 39.

[2] Docket no. 52.

[3] Docket no. 50 at 2.

by holding him out as a model agent."[4]  Plaintiff asserts "the absolute right to pursue, settle and compromise . . . any and all Victim Causes of Action in favor of the" RVPAT.[5]

Defendant served its first set of interrogatories on Plaintiff, seeking information regarding the assignors and the basis of their purported claims against Defendant.  Despite seeking to recover tens of millions of dollars of assigned claims and asserting complete authority over the claims, Plaintiff responded that he lacked "personal knowledge" and could not respond with any detail regarding the claims.

As a preliminary matter, the court finds that the information sought through the interrogatories in question is "relevant to [a] party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(c).  The court does not find persuasive Plaintiff's arguments that he cannot or need not respond because he does not have "personal knowledge" regarding the assigned claims, or because making Defendants depose "representative" claimants would be easier for Plaintiff.  Plaintiff effectively seeks to use his status as an assignee as a sword and shield—Plaintiff seeks to pursue the claims of hundreds of assignors efficiently through a single plaintiff, while stonewalling Defendant's reasonable discovery inquiries into the identities of those assignors and the details of their claims.

In connection with a motion to dismiss, Judge Parrish found that the complaint was sufficient for purposes of pleading, but clearly contemplated that other essential details about each claimant and claim would be provided through the discovery process:

> This is a situation which the extent of *the scheme is extensive*. There are various common elements to the scheme and Mr. Randall is behind the overall action in terms of outlining this. *The number of victims would make it impractical in terms of a complaint to set forth the names, times, and places of all of those.* I believe

---

[4] Docket no. 2.at 30.

[5] Docket no. 1. At

> that there is adequate information that has been provided in the complaint for the defendant to proceed to prepare a defense.
>
> Now, it will likely -- *it will undoubtedly be the case that during the course of trial of preparation of this case and discovery that the names of the victims are going to have to be identified and the dates and places of each of those transactions*.[6]

Having brought the case and chosen the form of the action, Plaintiff will not be heard to complain of the burden of responding to discovery, particularly discovery to which any other plaintiff would have to respond. While Defendant will likely have to obtain some information directly from the assignors, Plaintiff's argument that he cannot provide even basic information about the claims that he asserts is unavailing and untenable.

Accordingly, Defendant's motion to compel further responses is **GRANTED**. Plaintiff is ordered to provide complete, detailed responses to Defendants' First Set of Interrogatories, Interrogatories Nos. 3-11 within fourteen (14) days of the date of this order.

Defendant also requests an award of attorney's fees and costs. When a motion to compel is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The award of expenses is mandatory unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, Defendant met and conferred prior to bring the motion. Moreover, the court does not find that Plaintiff's responses or objections were "substantially justified" or that other circumstances make the award of expenses unjust. Accordingly, Defendant's request for an

---

[6] Docket no. 46-1 at 8-9 (emphasis added).

3

award of expenses is **GRANTED**. Defendant shall file an affidavit and cost memorandum detailing the reasonable expenses, including attorney's fees, incurred by Defendant in bringing the underlying motion. Within fourteen (14) days of Defendant's filing the cost memorandum, Plaintiff shall file his written response, if any.

Going forward, the parties are **ORDERED** to follow the District of Utah Short Form Discovery Motion Procedure for any discovery disputes in this matter.[7]

**IT IS SO ORDERED**.

DATED this 12th day of May, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* http://www.utd.uscourts.gov/documents/ShortFormDiscoveryMotion.pdf.