# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GIL A. MILLER, in his capacity as the Trustee of the Randall Victims Private Actions Trust,<br><br>Plaintiff,<br>v.<br><br>UNION CENTRAL LIFE INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-CV-575<br><br>District Judge Jill N. Parrish |

On July 11, 2016, Mr. Dee Allen Randall pled guilty to four enhanced counts of securities fraud in violation of Utah Code Ann. § 61-1-1 and one count of pattern of unlawful activity in violation of Utah Code Ann. § 76-10-1601 *et seq*. Randall ran the scheme through the Horizon Group of companies, which included Horizon Financial & Insurance Agency ("HFI").

In this action, Plaintiff Gil A. Miller (the "Trustee") sues in his capacity as the Trustee of the Randall Victims Private Actions Trust. He seeks to recover damages suffered by members of the trust (the "PAT members") on the theories that Defendant Union Central Life Insurance Company ("Union Central") is liable for negligently employing Randall and that Union Central is liable for Randall's securities fraud as a control person.

Presently before the court are the parties' cross-motions for summary judgment (ECF Nos. 115, 118). On January 16, 2018, the court heard argument on the motions and took the matter under advisement. At that hearing, the court indicated that it was inclined to certify certain questions to the Utah Supreme Court and invited the parties to submit additional briefing

on the question of certification. Both parties submitted supplemental memoranda on January 24, 2018 (ECF Nos. 156, 157).

After reviewing the parties' arguments and briefs, the court has determined to certify questions to the Utah Supreme Court. Therefore, it will stay the motions pending resolution of the certified questions.

To assist the court in crafting its certification order, the parties are **ORDERED** to meet, confer, and submit a joint statement of facts and questions for certification. As for the questions, the court is inclined to submit the following to the Utah Supreme Court:

1. Did Union Central owe the PAT members a duty of care in hiring, supervising, and/or retaining Dee Randall and/or HFI?

    a. Do the acts and omissions of Union Central constitute misfeasance or nonfeasance?

    b. Can an employer be held liable for negligent hiring, supervision, and/or retention of an independent contractor? If so, under what circumstances?

2. The parties have advanced disparate articulations of control person liability under various federal circuit court precedents interpreting the Securities Exchange Act of 1934. But the Trustee's claims arise under the Utah Uniform Securities Act, Utah Code Ann. § 61-1-1 *et seq*. What is the applicable standard for determining control person liability under the Utah Act?

    a. Must a control person exercise (or be able to exercise) control over a primary violator in a general sense to be liable under the Utah Act? In this case, does Union Central's ability to terminate Dee Randall and/or HFI's General Agency suffice to constitute control?

      b. Must a control person exercise (or be able to exercise) control over the specific transactions at issue to be liable under the Utah Act? If so, what level of control is required?

The parties should review these proposed questions and submit a joint set of questions that conforms to, modifies, or expands on those above.

    As for a joint statement of facts, the court is mindful that the facts underlying these motions are hotly contested. The parties have submitted hundreds of pages of briefing and thousands of pages of exhibits to that effect. Therefore, the court will not entertain separate submissions or additional adversarial briefing as to the facts. However, to the extent that the parties are able to agree on any material facts—for purposes of the certification order only—it will speed the certification process significantly. All material facts on which the parties can agree should be jointly submitted. The court will draft the remainder necessary for certification based upon the prior briefing of the parties.

    The parties' joint statement of facts and questions for certification shall be submitted to the court no later than Tuesday, February 20, 2018.

Signed February 5, 2018

                                            BY THE COURT

                                            _____
                                            Jill N. Parrish
                                            United States District Court Judge